IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHANE ELLIOTT HARE                       :
                                         :
                                         :
    v.                                   :   Civil Action No. DKC 17-0767
                                             Criminal No. DKC 13-0650-001
                                         :
UNITED STATES OF AMERICA                 :
                                         :

**MEMORANDUM OPINION**

Presently pending and ready for resolution are a motion to vacate sentence filed by Petitioner Shane Hare ("Petitioner") (ECF No. 310), and three motions to amend or supplement Petitioner's motion to vacate sentence (ECF Nos. 334; 346; and 352). For the following reasons, the motions to amend or supplement will be granted and the motion to vacate sentence will be denied.

**I.   Background**

On June 27, 2014, Petitioner was convicted by jury of conspiracy to interfere with commerce by robbery ("Count 1"), conspiracy to possess with the intent to distribute more than 500 grams but less than five kilograms of cocaine ("Count 2"), conspiracy to possess a firearm in furtherance of a drug trafficking crime and crime of violence ("Count 3"), and possession of a firearm in furtherance of a drug trafficking crime and crime of violence ("Count 4"). On October 1, 2014,

Petitioner was sentenced to 132 months imprisonment, consisting of 72 months on Counts 1, 2, and 3, concurrent, and a consecutive 60 months on Count 4. Petitioner appealed to the United States Court of Appeals for the Fourth Circuit, and his conviction was affirmed on April 19, 2016. *United States v. Hare,* 820 F.3d 93 (4th Cir. 2016).[1] Petitioner's petition for writ of certiorari was denied by the Supreme Court of the United States on October 3, 2016. *Hare v. United States*, 137 S.Ct. 224 (mem.), *reh'g denied*, 137 S.Ct. 460 (2016). Accordingly, Petitioner's convictions became final on October 3, 2016. *See Clay v. United States*, 537 U.S. 522, 527 (2003).

On March 20, 2017, Petitioner filed the pending motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 310). The government was directed to respond to the motion, (ECF No. 312), and did so on June 16, 2017 (ECF No. 319). Petitioner replied on July 17, 2017. (ECF No. 323). On April 12, 2017, Petitioner filed a supplement to his motion to vacate sentence. (ECF No. 313). On December 18, 2017, Petitioner filed the first motion to amend or supplement his motion to vacate sentence. (ECF No. 334). On July 1, 2019, the court

---

[1] As will be discussed in more detail below, counsel raised an issue based on *Johnson v. United States*, 135 S.Ct. 2551 (2015), arguing that the § 924(c) conviction could not stand because the Hobbs Act robbery conspiracy was not a crime of violence. The Fourth Circuit rejected that challenge because the § 924(c) conviction also rested on a drug trafficking crime.

received a second motion to amend or supplement, (ECF No. 346), and on January 30, 2020, the court received a request for permission to supplement (ECF No. 352).

## II. Motion to Vacate Sentence

### A. Standard of Review

To be eligible for relief under § 2255, a petitioner must show, by a preponderance of the evidence, that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). A *pro se* movant, such as Petitioner, is entitled to have his arguments reviewed with appropriate consideration. *See Gordon v. Leeke*, 574 F.2d 1147, 1151–53 (4th Cir. 1978). But if the § 2255 motion, along with the files and records of the case, conclusively show that he is not entitled to relief, a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. § 2255(b).

### B. Ineffective Assistance of Counsel Claims

Petitioner brings three claims of ineffective assistance of counsel to challenge his convictions and sentence.[2]

To establish ineffective assistance of counsel, the petitioner must show both that his attorney's performance fell

---

[2] Petitioner had the same counsel during trial and on appeal.

3

below an objective standard of reasonableness and that he suffered actual prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). There is a strong presumption that counsel's conduct falls within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance. *Strickland*, 466 U.S. at 688–89; *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991). Courts must judge the reasonableness of attorney conduct "as of the time their actions occurred, not the conduct's consequences after the fact." *Frye v. Lee*, 235 F.3d 897, 906 (4th Cir. 2000). Furthermore, a determination need not be made concerning the attorney's performance if it is clear that no prejudice could have resulted from some performance deficiency. *Strickland*, 466 U.S. at 697. To demonstrate actual prejudice, Petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

    **1. Counsel was not ineffective for failing to object to a special jury verdict form.**

Petitioner first argues that his counsel was ineffective for "not objecting to a special jury verdict form" that permitted the jury to convict him of conspiring to distribute less than the amount of cocaine charged in Count 2 of the indictment. (ECF No. 310-1, at 4-5). Petitioner contends that,

4

as a result, he was convicted of a crime that he was not charged with and thus did not have notice to defend against at trial. (*Id.* at 5-7). Petitioner also argues that counsel's failure to raise this issue "after the jury verdict and on appeal" constituted ineffective assistance of counsel. (*Id.* at 2, 8).

> A defendant charged with conspiracy to import or distribute an amount of a controlled substance "can, if the evidence warrants, be convicted of one of the lesser included offenses" based on a smaller amount of the substance. *United States v. Brooks*, 524 F.3d 549, 555 n.9 (4th Cir. 2008). Such a verdict is permissible as "an offense necessarily included in the offense charged." Fed.R.Crim.P. 31(c)(1). Because the lesser included offense is included in the charged offense, there is no variance. *See United States v. Martinez*, 430 F.3d 317, 340 (6th Cir. 2005) ("[T]his results in neither a prejudicial variance from, nor a constructive amendment to the indictment because [the defendant] was merely convicted of a lesser-included offense and all the elements of the former necessarily include those of the latter.").

*United States v. Cabrera-Beltran*, 660 F.3d 742, 753 (4th Cir. 2011) (alteration in original). Thus, counsel had no viable reason to object to the special verdict form, post-trial or on appeal, and was not ineffective for failing to raise a meritless argument.[3]

---

[3] Petitioner argues that should he succeed on this claim and have his conviction vacated as to Count 2, he would argue that Count 1 would be insufficient to support his conviction as to Count 4 because a conspiracy to commit robbery "is not a violent crime for 924(c) purposes." (ECF No. 310-1, at 9). Because the

5

## 2. Counsel was not ineffective on appeal.

Petitioner next argues that his counsel was ineffective for failing to "[address properly] the insufficiency of the evidence as to [C]ounts 1 and 2" on appeal. (ECF No. 310-1, at 9). Specifically, Petitioner contends that counsel should have argued that Petitioner could not be convicted as to Counts 1 and 2 for a lesser amount "because the government[']s case and evidence was specific that there was a conspiracy to rob 10-15 kilograms of cocaine[.]" (*Id.*, at 13). Along this same reasoning, Petitioner also argues that his counsel was ineffective for failing to argue that "[t]he jury instructions in this case clearly should have been that if the jury found that" Petitioner went along with Plan B, rather than Plan A, "they must render a verdict of not guilty" because "Plan B does not constitute a robbery" to support a guilty verdict on Count 1.[4] (*Id.,* at 16). For the reasons discussed below, the court rejects both arguments.

Counsel argued in a post-trial motion that the jury's verdict as to Counts 1 and 2 was "entirely inconsistent, as there could be no agreement to the amount of drugs found in

---

court rejects Petitioner's claim with respect to Count 2, it need not consider this argument.

[4] "Plan A" was to rob a drug stash house of between 10 and 15 kilograms of cocaine. "Plan B" was to stage a fake robbery and Petitioner and his co-defendants would take three kilograms of cocaine. (ECF Nos. 310-1, at 17; 319, at 10).

6

Count 2 based upon an agreement to rob" in Count 1. (ECF No. 217, at 2-3). The court rejected that argument, stating that it is not axiomatic from the jury's determination that the quantity of cocaine was less than five kilograms on Count 2 that the jury's verdict on Count 1 was based on insufficient evidence. (*See* ECF No. 281, at 37-39).

To the extent Petitioner argues that counsel should have raised the issue again on appeal, the selection of which issues to present on appeal is, almost by its very nature, a strategic decision. *See Burket v. Angelone*, 208 F.3d 172, 189 (4th Cir. 2000) ("[A]ppellate counsel is given significant latitude to develop a strategy that may omit meritorious claims in order to avoid burying issues in a legal jungle."); *Haynes v. United States*, 451 F.Supp.2d 713, 722 (D.Md. 2006) ("Limiting the issues to the stronger or strongest ones while winnowing out the weaker is sound appellate strategy."); *Lawrence v. Branker*, 517 F.3d 700, 709 (4th Cir. 2008) ("Effective assistance of appellate counsel does not require the presentation of all issues on appeal that may have merit, and [the court] must accord counsel the presumption that he decided which issues were most likely to afford relief on appeal." (quotation marks, brackets, and citations omitted)). Consequently, while it is conceivably possible to bring an ineffective assistance claim premised on an appellate counsel's failure to raise an issue, "it will be

7

difficult." *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (quotation marks and brackets omitted). An ineffective assistance claim based on an ignored issue generally will only succeed "when ignored issues are clearly stronger than those presented." *Lawrence*, 517 F.3d at 709.

Petitioner has not met that standard here. Appellate counsel raised several issues on appeal, making at least one argument of such strength that the Fourth Circuit addressed the appeal in a published opinion. Petitioner does not show how making his proposed arguments challenging the jury instructions and verdicts as to Counts 1 and 2 would have been stronger than those presented on appeal. As the court stated in denying Petitioner's post-trial motion, the fact that the jury made the determination that the quantity of cocaine foreseeable was not above five kilograms does not mean that the jury had to have accepted that Plan B was the only agreement reached and must have rejected Plan A. (ECF No. 281, at 37-38). Furthermore, "it has long been settled that inconsistent jury verdicts do not call into question the validity or legitimacy of the resulting guilty verdicts[,]" *United States v. Green*, 599 F.3d 360, 369 (4th Cir. 2010) (citing *United States v. Powell*, 469 U.S. 57, 64 (1984); *Dunn v. United States*, 284 U.S. 390, 393 (1932); *United States v. Blankenship*, 707 F.2d 807, 810 (4th Cir. 1983)), and a defendant cannot challenge his conviction based on inconsistent

verdicts, *United States v. Louthian*, 756 F.3d 295, 305 (4th Cir. 2014). "Indeed, an inconsistent verdict can result from mistake, compromise, or lenity, and a jury could just as likely err in acquitting as in convicting." *Id.* Therefore, counsel did not render ineffective assistance in deciding to forego making likely fruitless arguments in favor of making other stronger arguments on appeal. *See, e.g., Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010).

Petitioner also makes an argument regarding his entrapment defense and appears to argue that counsel ineffectively challenged the government's response to Petitioner's entrapment defense. (*See* ECF No. 310-1, at 18) ("The above arguments are the arguments that counsel should have made."). Petitioner argues that in response to his entrapment argument, the government "continued telling the jury to take the agent out of the equation[,]" which "was impossible . . . because the agent was the main actor." (*Id.* at 16-17). Petitioner further argues that the government "had to tell the jury to take the agent out, because they knew the law related to a law enforcement officer, and conspiracy[.]" (*Id.* at 17). Specifically, Petitioner contends that he and his co-defendants could not conspire with an undercover law enforcement official. (*Id.*). It is undisputed that if all of the participants in the scheme to rob the drug stash house or stage a fake robbery were government

9

agents, except for Petitioner, then no conspiracy would exist as Petitioner could not be convicted of conspiring with himself. *See United States v. Hayes*, 775 F.2d 1279, 1283 (4th Cir. 1985). Such is not the case here, however. The conspiracy in Count 1 was supported by Petitioner's agreement with his co-defendants who were not government agents. Thus, counsel was not ineffective for failing to make this argument on appeal.

Furthermore, to the extent Petitioner argues counsel should have raised an entrapment argument on appeal, even assuming counsel was deficient, Petitioner cannot show prejudice. In its opinion affirming Petitioner's convictions, the Fourth Circuit explicitly stated that "[it] would reject an entrapment claim, were Appellants raising one." *Hare*, 820 F.3d at 102 n.7 ("When the issue of entrapment is submitted to the jury, a guilty verdict 'comprehends a finding of no entrapment' and 'an appellate court may overturn this determination only if no rational trier of fact could have found predisposition beyond a reasonable doubt, viewing the evidence in the light most favorable to the prosecution.' Under the predisposition principles explained herein, a reasonable juror could have found predisposition on the part of Appellants." (internal citation omitted)).

Therefore, Petitioner has failed to establish that counsel rendered ineffective assistance on appeal.

### 3. Counsel did not render ineffective assistance by failing to argue that Petitioner was illegally charged by indictment as to Count 4.

Lastly, Petitioner argues that counsel was ineffective for "fail[ing] to make an argument prior to trial, after trial, and on appeal that [Petitioner] was illegally charged by indictment as to [Count 4]." (ECF No. 310-1, at 19). Essentially, Petitioner contends that counsel should have argued that the government charged use of the same gun for two separate crimes alleged in a single count — *i.e.*, both in furtherance of drug trafficking and in furtherance of a crime of violence. (*Id.* at 20-24).

"[W]here a statute is worded in the disjunctive, federal pleading requires the Government to charge in the conjunctive. The district court, however, can instruct the jury in the disjunctive. To do otherwise would improperly add elements to the crime that are not contained in the statute itself." *United States v. Montgomery*, 262 F.3d 233, 242 (4th Cir. 2001) (internal citation omitted); *see also Griffin v. United States*, 502 U.S. 46, 51 (1991) ("[I]t [is] regular practice for prosecutors to charge conjunctively, in one count, the various means of committing a statutory offense, in order to avoid the pitfalls of duplicitous pleading."); *United States v. Perry*, 560 F.3d 246, 256 (4th Cir. 2009) ("[W]hen the Government charges in the conjunctive, and the statute is worded in the disjunctive, the

district court can instruct the jury in the disjunctive."); *United States v. Robinson*, 627 F.3d 941, 958 (4th Cir. 2010) ("It is black letter law that duplicitous indictments can be cured through appropriate jury instructions.").

Here, although the government charged Count 4 in the conjunctive in the indictment, the court instructed the jury in the disjunctive. (ECF No. 193, at 35-36). Additionally, although the jury found the Defendant guilty of possessing a firearm in furtherance of both a crime of violence and a drug trafficking crime, the Defendant was not convicted of more than one count under 18 U.S.C. § 924(c). Contrary to Petitioner's contention, he was not charged with and convicted of "two separate 924(c) crimes." (ECF No. 310-1, at 22). Therefore, counsel was not ineffective for failing to argue that Petitioner was "illegally charged" as to Count 4 nor was Petitioner prejudiced as a result.

Additionally, Petitioner argues that "counsel after trial and on appeal should have argued that [C]ount 4 was not supported by the evidence of the jury's verdict" because Count 4 was "specifically tied to [C]ounts 1 and 2 which was in furtherance of five kilograms or more of cocaine." (ECF No. 310-1, at 23-24). Counsel made this argument in a post-trial motion for a judgment of acquittal and for a new trial (ECF No. 217, at 3-4), which the court denied, finding that there was

12

sufficient evidence on Counts 1 and 2 to support Count 4 (ECF No. 281, at 40).

Petitioner does not show how making his proposed argument on appeal would have been stronger than those presented. Therefore, Petitioner has failed to establish that counsel rendered ineffective assistance on appeal.

**III. Motions to Amend or Supplement**

The Anti-Terrorism and Effective Death Penalty Act ("ADEPA") imposes a one-year statute of limitations on § 2255 motions brought by federal prisoners. To be timely, a federal prisoner must file any motion to vacate, set aside, or correct his sentence, including any amendments, within one year of the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Here, Petitioner's convictions became final when his petition for writ of certiorari was denied by the Supreme Court on October 3, 2016. *Clay*, 537 U.S. at 527. Petitioner's motions to amend or supplement his motion to vacate sentence were filed more than one year later. As a result, the allegations can only be considered if they relate back to Petitioner's original motion under Fed.R.Civ.P. 15(c)(1), or if another statutory provision renders the filing timely.

Petitioner raised one new challenge in his first motion to amend; specifically, he argues that counsel was ineffective for failing to raise the issue that there was insufficient evidence

13

to support Petitioner's conviction as to Count 4 because the mere presence of a weapon at the scene of a drug crime, without more, is insufficient to prove possession of a firearm in furtherance of a drug trafficking crime. (ECF No. 334, at 2, 6). Generously read, this claim can be said to arise out of the same "conduct, transaction, or occurrence" set out in Petitioner's original § 2255 motion, which alleges ineffective assistance of counsel during trial, post-trial, and on appeal. Fed.R.Civ.P. 15(c)(1)(B). Therefore, Petitioner's motion to amend or supplement his motion to vacate sentence will be granted and his additional argument will be considered with the arguments asserted in his initial § 2255 motion.

Petitioner argues that counsel should have raised the issue that there was insufficient evidence to support his conviction for possession of a firearm in furtherance of a drug trafficking crime because the mere presence of a weapon at the scene of a drug crime, without more, is insufficient to prove possession. (ECF No. 334, at 2, 6). Counsel made this argument in a post-trial motion for a judgment of acquittal and for a new trial (ECF No. 217, at 3-4), which the court denied, finding that there was sufficient evidence on Counts 1 and 2 to support Count 4 (ECF No. 281, at 40). Petitioner does not show how making his proposed argument on appeal would have been stronger than those

presented.  Therefore, Petitioner has failed to establish that counsel rendered ineffective assistance on appeal.

In his second motion to supplement, Petitioner complains that his conviction in Count 4 under 18 U.S.C. § 924(c) is unconstitutional and, based on an asserted concession made by the Government at oral argument before the Supreme Court in *United States v. Davis*, 139 S.Ct. 2319 (2019), his "stash house sting" conviction cannot stand.[5]  (ECF No. 346, at 2-3).

In the third motion to supplement, Petitioner relies on *United States v. Davis* to argue, again, that conspiracy to commit Hobbs Act robbery is not a crime of violence.  (ECF No. 352-1, at 3-6).

Both of these proposed supplements seek to challenge the viability of the § 924(c) conviction because the conviction in Count 1 no longer qualifies as a crime of violence.  There are several reasons why these claims provide no avenue of relief. First, the issue was raised on direct appeal.  The Fourth Circuit explicitly upheld the conviction on Count 4 even assuming there was some deficiency in considering Count 1 as a crime of violence.  Petitioner was convicted also of a drug trafficking crime in Count 2, and the verdict on Count 4 was

---

[5] The purported concession was that the Government might lose cases at trial based on the specific facts of a case if the crime of violence issue was presented to a jury.  Tr. April 17, 2019, at 66.  The Court rejected the Government's proposal and adopted instead the categorical approach.

15

based on that as well.  Ordinarily, an issue raised and decided on direct appeal on its merits cannot be raised again in a § 2255 petition.  *Runyon v. United States*, 228 F.Supp.3d 569, 588 (E.D.Va. 2017), *appeal docketed*, No. 17-5 (4th Cir. Aug. 21, 2017).  Petitioner may contend, however, both that the issue was not decided on its merits and that exceptional circumstances are present due to a change in substantive law.  Even if timely and not foreclosed by the direct appeal, the supplement still fails to provide an avenue for relief.  It is now established that conspiracy to commit a Hobbs Act robbery is not a crime of violence for § 924(c) purposes.  *United States v. Simms*, 914 F. 3d 229 (4th Cir. 2019).  The drug trafficking crime in Count 2 remains valid, however, and it still supports the § 924(c) conviction.  There is no ambiguity in the record in this case.  The special verdict form states that the § 924(c) conviction rests on both predicates.

## IV. Conclusion

For the foregoing reasons, the motions to amend or supplement Petitioner's motion to vacate sentence will be granted and the motion to vacate sentence filed by Petitioner Shane Hare will be denied.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. §§ 2254 or 2255, the court is also required to issue or deny a certificate of appealability when it enters a

final order adverse to the petitioner. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies the petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

Upon its review of the record, the court finds that Petitioner does not satisfy the above standard. Accordingly, it declines to issue a certificate of appealability. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
